# EXHIBIT 21

**ST. MARK'S MIXED USE LLC**
100 Park Avenue, Suite 2805
New York, New York 10017

March 28, 2022

*Via Electronic Mail (gottesman@mintzandgold.com)*

| | |
|---|---|
| 78-80 St. Marks Place, LLC | 78-80 St. Marks Place, LLC |
| 78-80 St. Marks Place | 80 St. Marks Place |
| New York, New York 10003 | New York, New York 10003 |
| | |
| Mintz & Gold LLP | Mr. Lawrence V. Otway |
| 600 Third Avenue, 25th Floor | 78-80 St. Marks Place |
| New York, New York 10016 | New York, New York 10003 |
| Attn: Andrew Gottesman, Esq. | |

**THIS IS NOT AN ATTEMPT TO COLLECT A DEBT
AND IS BEING PROVIDED FOR INFORMATIONAL PURPOSES ONLY**

Re: 78-80 St. Marks Place, New York, New York 10003 (Block 449, Lot 28) (the "Property")
In re Lawrence V. Otway (Bankr. S.D.N.Y) Docket No. 1:21-12140-mg
In re 78-80 St Marks Place, LLC (Bankr. S.D.N.Y) Docket No. 1:21-12139-mg

Dear Mr. Gottesman,

Reference is made to that certain loan in the original principal amount of $6,100,000.00 ("Loan") made by 80 St. Marks Place Funding LLC ("Original Lender") to 78-80 St. Marks Place, LLC ("Borrower") on November 12, 2019, which Loan is evidenced by, among other things, (i) that certain *Promissory Note*, dated as of November 12, 2019, in the original principal amount of $6,100,000.00 in favor of the Original Lender ("Note"), duly executed by Borrower and delivered by Borrower to the Original Lender; (ii) that certain *Mortgage and Security Agreement*, dated as of November 12, 2019, between Borrower and Original Lender ("Mortgage"), duly executed by Borrower, as mortgagor, and delivered by Borrower to the Original Lender, as mortgagee, encumbering that certain real property known as 78-80 St. Marks Place, New York, New York 10003 (Block 449, Lot 28) ("Property"); (iii) that certain *Pledge and Security Agreement*, dated as of November 12, 2019, in favor of the Original Lender ("Pledge Agreement"), duly executed by Lawrence V. Otway ("Pledgor" or "Guarantor") and delivered by Guarantor to the Original Lender; and (iv) that certain *Guaranty*, dated as of November 12, 2019, in favor of the Original Lender (the "Guaranty"), duly executed and delivered by Guarantor to the Original Lender. The Note, the Mortgage, the Pledge Agreement, the Guaranty, together with all other documents executed in connection with the Loan, are collectively referred to herein as the "Loan Documents". Reference is further made to that certain *Assignment of Mortgage* dated as of December 1, 2020 whereby Original Lender assigned all of its rights, title and interest in and to the Loan and the Loan Documents to St. Mark's Mixed Use LLC ("Lender"). Reference is further made to the fact that both the Borrower and Guarantor are debtors in pending Chapter 11 filings before the Bankruptcy

Court for the Southern District of New York as referenced hereinabove. **Please further note that this communication is transmitted solely at your request and should not be construed as an attempt to collect a debt from either of the above-named debtors. Instead, it is being provided for informational purposes only.**

Please accept this letter in response to your request for an estimated statement of indebtedness. Lender hereby directs the Borrower's attention to the below, as and for an estimated amount necessary to pay off the Loan by April 1, 2022 by 3:00 p.m. EST (the "Effective Date"), which should be transmitted **using the wire instructions annexed hereto.**

| ESTIMATED PAYOFF | |
|---|---:|
| Principal Balance | $6,100,000.00 |
| Interest | $1,980,466.67 |
| Less Escrow | $0.00 |
| Late Charges | $0.00 |
| Protective Advances | $236,835.20 |
| Legal Fees[1] (thru 3/23/22) | $554,119.87 |
| Liquidated Damages | $200,000.00 |
| **Total Due** | **$9,071,421.73** |

Per Diem     $4,556.00

**Please be further advised that the Loan is in default and the Lender is continuing to incur fees and expenses in connection with enforcing its rights and remedies under the Loan Documents, including, but not limited to such amounts necessary to pay attorney's fees and costs, protective advances and such fees and/or costs which may be incurred in connection with and otherwise in connection with the protecting Lender and enforcing its rights in Borrower's and Guarantor's pending bankruptcy cases, the discontinuance of any litigation, contested matters, foreclosure sale and/or satisfaction of the mortgages (collectively, the "Obligations"), all of which are ongoing and will be added to the estimated payoff figure set forth hereinabove. Accordingly, you are hereby directed to request an updated payoff figure from the undersigned upon no less than seventy-two hours written notice to ensure that all amounts due under the Loan are paid in full at the time payment is made.**

The aforesaid sums are subject to change pending the Lender's payment of such items, which may include, but are not limited to, protective advances or incurred legal fees. Please be further advised that the Lender reserves the right to make adjustments to the above amounts in the event that

---

[1] Attorneys' fees and expenses are reflected herein only as of March 23, 2022. Additional attorneys' fees expenses have accrued and continue to accrue after March 23, 2022 and such additional amounts are owed under the Loan Documents and will be added to the estimated payoff figure set forth above.

2

a mathematical, typographical, or clerical error has occurred. This letter shall not be binding until verified with Lender.

Nothing herein shall be deemed or constitute a waiver or release of any of the terms or provisions of the Loan Documents or of Borrower's defaults thereunder, or constitute a waiver, release or an estoppel of by or against any of Lender's rights or remedies under the Loan Documents, at law and/or in equity, including, without limitation, with respect to any action to foreclose pursuant to the Loan Documents, all of which rights and remedies are specifically reserved.

Furthermore, the Lender expressly reserves all of its rights, powers, privileges and remedies under the Loan Documents and/or applicable law, including, without limitation, its right at any time, as applicable, (i) to commence any legal or other action to collect any or all of the Obligations from Borrower, the Guarantor, and any other person(s) liable therefore and/or any collateral securing the obligations under the Loan, including without limitation appropriate interest as set forth in the Loan Documents, (ii) to foreclose or otherwise realize on any or all of the Property and/or as appropriate, set-off or apply amounts received to the indebtedness due under the Loan, (iii) to take any other enforcement action or otherwise exercise any or all rights and remedies provided for by any or all of the Loan Documents or applicable law, and (iv) to reject any forbearance, financial restructuring or other proposal made by or on behalf of Borrower the Guarantor or any creditor or equity holder. Lender may exercise its rights, powers, privileges and remedies, including those set forth in clauses (i) through (iv) above at any time in its sole and absolute discretion without further notice. No oral representations or course of dealing on the part of Lender or any of its officers, employees or agents, and no failure or delay by Lender with respect to the exercise of any right, power, privilege or remedy under any of the Loan Documents or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy. This demand does not attempt to summarize all (x) existing misrepresentations, breaches, defaults and Events of Default existing under the Loan Documents and (y) rights and remedies of Lender under the Loan Documents. Accordingly, this letter is not, and shall not be deemed to be, a waiver of, or a consent to, any misrepresentation, breach, default or Event of Default now existing or hereafter arising under the Loan Documents, and the Lender reserves all of its rights and remedies.

Please contact the Lender to make arrangements for the payment of the indebtedness by contacting the undersigned.

Be guided accordingly.

Sincerely yours,

ST. MARK'S MIXED USE LLC

By: _____
Jason Leibowitz, Manager

3

**M5 SERVICING LLC**

Wire Instructions

| | |
|---|---|
| ABA Routing Number | **121140399** |
| Bank Name | Silicon Valley Bank |
| | 3003 Tasman Drive |
| | Santa Clara, CA 95054 |
| | |
| Beneficiary Account Number | **3303393099** |
| Beneficiary Name | **M5 Servicing LLC** |
| Beneficiary Address | 100 Park Ave |
| | Suite 2805 |
| | New York, NY 10017 |
| | |
| Confirmation | Please call Eric Silver (646-485-7313) or Jason Epstein (646-485-1085) to confirm. |