# EXHIBIT 22

MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1231
Andrew R. Gottesman, Esq.

*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**     Chapter 11
**SOUTHERN DISTRICT OF NEW YORK**

In re:

78-80 ST. MARKS PLACE, LLC,             Case No. 21-12139 mg

       Debtor.

**DECLARATION OF LAWRENCE V. OTWAY IN SUPPORT OF
THE DEBTOR'S MOTION TO USE CASH COLLATERAL**

I, Lawrence V. Otway, under penalty of perjury pursuant to 28 U.S.C. § 1726 hereby declare:

    1. I am the Manager and Sole Member and manager of 78-80 St. Mark's Place, LLC ("SMP," the "Debtor" or the "Company"), the fee owner and operator of a building known as 80 St. Mark's Place in New York City.

    2. I hold a Juris Doctor from New York University School of Law and a Bachelor of Arts degree from New York University.

    3. I submit this declaration (this "Declaration") in support of *Debtor's Motion For Entry Of Interim And Final Orders Authorizing Debtor To Use Cash Collateral* (the "Motion").[1]

    4. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

    5. I am over the age of eighteen (18) and authorized to submit this Declaration on behalf of the Debtor. If called upon to testify, I could and would testify competently as to the

---

[1] Capitalized terms, not otherwise defined herein, shall have the meaning ascribed to such terms in the Motion.

facts set forth herein.

6. The Debtors seek authority to use Cash Collateral without the consent of the Senior Creditor. Such consent was requested, and the request was denied.

7. Segregating the amount of the Senior Creditor's claim is not possible because the Debtor's accounts do not contain amounts in excess of that claim.

8. Based on past experience, I anticipate that the Debtor will accrue monthly administrative expenses of approximately $27,754.20, not including administrative costs and expenses (including legal fees), which will accrue throughout the course of its chapter 11 case.

9. I anticipate the Debtor's income to fall substantially short of these expenses on a monthly basis because, in my experience, the building's tenants do not always pay on time and can sometimes only afford to pay less than the anticipated amounts.

10. The value of the Cash Collateral as of the Petition Date was approximately $427.00 and is currently approximately $14,342.00.

11. The Debtor receives rent form tenants, but payment during the COVID pandemic has been irregular. Over the past year, the Debtor has received $12,590.00 per month on an average basis. The Debtor reasonably expects to collect rent in the amount of approximately $8,950.00 each month going forward.

12. The Debtor requires the use of the Cash Collateral to, among other things, provide heat during the winter months, keep power running to the Property's common areas, keep water service to the building and perform routine maintenance on the Property. I recently discovered that the boiler in the Properly is not working properly and will need to be replaced in the near term.

13. Absent the use of Cash Collateral, the value of the Property and the Debtor's assets would be significantly impaired to the detriment of all stakeholders. I believe that the potential loss of utilities, the potential loss insurance or the inability to maintain the Property would cause irreparable harm to the value of the Property because tenants would either stop paying rent or leave the building entirely.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 19, 2022

                                                                   */s/ Lawrence V. Otway*
                                                                   Name: Lawrence v. Otway
                                                                   Title: Sole Member and Manager