MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1231
Andrew R. Gottesman, Esq.

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**　　Chapter 11
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Case No. 21-12139 mg

78-80 ST. MARKS PLACE, LLC,

　　　　　Debtor.

**DECLARATION OF LAWRENCE V. OTWAY IN SUPPORT OF
THE DEBTOR'S OBJECTION TO THE MOTION OF ST. MARK'S MIXED USE LLC
TO CONVERT THE DEBTOR'S CASE OR APPOINT A CHAPTER 11 TRUSTEE**

I, Lawrence V. Otway, under penalty of perjury pursuant to 28 U.S.C. § 1726 hereby declare:

　　1.　　I am the Manager and Sole Member and manager of 78-80 St. Mark's Place, LLC ("SMP," the "Debtor" or the "Company"), the fee owner and operator of a building known as 80 St. Mark's Place in New York City.

　　2.　　I hold a Juris Doctor from New York University School of Law and a Bachelor of Arts degree from New York University.

　　3.　　I submit this declaration (this "Declaration") in support of the *Debtor's Objection to the Motion of St. Mark's Mixed Use LLC to Convert the Debtor's Case or Appoint a Chapter 11 Trustee* (the "Objection").[1]

　　4.　　Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

---

[1] Capitalized terms, not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

5.     I am over the age of eighteen (18) and authorized to submit this Declaration on behalf of the Debtor. If called upon to testify, I could and would testify competently as to the facts set forth herein.

6.     The Debtor's commercial tenants are Theatre 80 LLC ("Theatre 80"), the William Barnacle Tavern (a/k/a Scheib's Place, Inc., the "Tavern") and Exhibition of the American Gangster, Inc. (the "Museum," and collectively with Theatre 80 and the Tavern, the "Businesses"). Prior to the Petition Date, the Businesses paid all available profits to the Debtor.

7.     The Debtor and the Businesses intend to return to this business model through plan confirmation or post emergence.

8.     The Tavern has experienced an increase in revenue of since the end of February 2022. In March 2022, the Tavern outpaced March 2019 sales. In the first three weeks of April, the Tavern has done more business than it did in all of April 2019. I believe this trend will continue to grow because the revenue increase is attributable to specific factors that mitigate in favor of a long-term increase in revenue to the Debtor. These include the increased traffic in the Theatre from the relaxing of COVID restrictions across Manhattan, the lack of viable competition and the increase in tourism from Europe and other parts of the country.

9.     The Debtor has received a conditional loan commitment in the amount of $10,500,000 from Sachem Capital. We are negotiating final details with Sachem to set a closing date. Attached as Exhibit A is the signed commitment letter. We have also been contacted by no fewer then two (2) other firms looking to provide financing and have a conditional commitment from one other lender, although at a lower amount than Sachem.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: April 20, 2022

                                                          */s/ Lawrence V. Otway*
                                                          Name: Lawrence v. Otway
                                                          Title: Sole Member and Manager

**Exhibit A**

DocuSign Envelope ID: B2A13706-D694-4761-904C-1C3A7158D0B4



# CONDITIONAL APPROVAL LETTER

| | |
|---|---|
| **Reference Number:** | 7880032828 |
| **Date:** | March 28, 2022 |
| **Expiration:** | April 30, 2022 |
| **Guarantor(s):** | Lawrence Otway |
| **Borrower(s):** | 78-80 St Marks Pl LLC<br>80 St Marks Pl<br>New York, NY |
| **Subject Property:** | 78-80 St Marks PL , New York , NY 10003 |

Dear 78-80 St Marks Pl LLC ,

Congratulations. We are pleased to inform you that we have **conditionally** approved your request for a commercial mortgage loan (the "Loan") on the subject property described above (the "Property"). The words "you" and "your" refer to each and all Borrower(s) listed above. The words "we" and "our" refer to Sachem Capital Corp., This approval is made on the condition that all the information submitted to us in connection with your request/application is accurate and satisfactory to us. Refer to your commercial funding estimate for additional information.

**The proposed terms of the Loan we are offering you are as follows:**

| | | | |
|---|---|---|---|
| | Principal Amount: | $10,500,000 | |
| | Annual Interest Rate: | 12.00% | |
| | Term of loan (months): | 12 | |
| **Lender Fees:** | Origination | $210,000 | |
| | Processing | $895 | |
| | Legal | $10,000 | |
| | Default Risk LTV>65% | $0 | |
| | Appraisal | $1,200 | Don Pastorello |
| | Inspection | $600 | 1 Property |

| | |
|---|---|
| Credit/Background | $125 |
| Wire Transfer Fee | $40 |
| Expedite Fee | $0 |
| Other | $0 |

We are the Lender in this transaction. If you are working with an agent or broker, your agent or broker may be charging you additional brokerage fee(s) for the services such agent or broker may render to you. These brokerage fee(s) would be in addition to our Lender Fees, as indicated above. However, as the Lender we do not have any part in negotiating with your agent or broker any such brokerage fee(s); nor are we responsible for the payment of any brokerage fee(s) which you and your agent or broker negotiate and agree upon between yourselves. You and your agent or broker(s) are solely responsible by and between yourselves for the negotiation and payment of any brokerage fee(s).

The Note for the Loan will provide for a monthly payment of interest only, based on the above principal amount and interest rate, payable in arrears due on the first (1st) calendar day of each month during the term of the Note. A late charge of ten (10%) percent may be charged by us on any payment not received by the tenth (10th) day of any month a payment is due. Any prepayment, in whole or in part, shall be applied in the following order: first, to any late charge(s) accrued; second, to any delinquent interest payment(s); and third, to the principal balance. Unless otherwise stated in your commercial funding estimate, there shall be no pre-payment penalty for any full or partial prepayment you make.

The Loan shall be secured with a Mortgage Deed and Financing Statement and a Conditional Assignment of Leases and Rentals on the Property, as applicable. We also reserve the right to require additional security on other collateral you own, and/or to have you sign/execute additional loan documents at closing.

The following conditions must be complied with to our satisfaction, in order for us to proceed with the Loan:

1.) Inspection of the subject property and additional collateral satisfactory to us.
2.) Assignment of Leases and Rentals of the subject property and additional collateral, if applicable.
3.) Subject to credit report(s) and appraisal(s), satisfactory in form and scope.
4.) Subject to a title search of the subject property and/or additional collateral.
5.) UCC-1 Financing Statement on the subject property.
6.) Review of all documents by your attorney prior to closing of this loan.
7.) The borrower acknowledges this loan is not for his primary residence and that this loan is being used for investment purposes only.
8.) Payment of all past due taxes and fees, taxes and fees currently due and any other fees associated with the subject collateral and additional collateral.
9.) The Borrower is required to utilize Automated Clearing House (ACH) for making their monthly interest payments.
10.) If applicable, a reduction of the principal balance will be required to release the additional collateral on this loan. The amount will be negotiated prior to the release.

11.)   Upon maturity this loan may be renewed for an additional term. The borrower must not be in default of any of the terms and conditions in the loan documents. The terms of the renewal will be determined at the time of maturity. Borrower Payment history will also be evaluated. In the event the loan has passed its maturity date and the loan has not been extended and/or modified, the Borrower will be a charged a fee equal to 1.5% of the outstanding loan balance at the time of maturity and shall be charged an additional 1.5% on every anniversary of the maturity until such time as the loan is extended or paid in full.

12.)   Lawrence Otway will personally guarantee this loan.
13.)   This loan will be guaranteed by the Managing Member(s) of the LLC, other members or individuals as necessary.
14.)   This loan will be a first position loan on 78-80 St Marks PL , New York , NY 10003.
15.)   There is no prepayment penalty should this loan be paid off early.
   This loan will have prepaid interest of $1,000,000.00 to be utilized monthly until used in full, based on loan fundings.

You must insure the Property (and any additional property used as collateral) with a Property Insurance Policy, acceptable to us, written by an insurance carrier with an A.M. Best Rating acceptable to us. The limit of Building/Dwelling coverage we require must be at least equal to the principal loan amount. At closing, we require evidence of insurance and proof that the policy premium is pre-paid in full, with a renewal date of not less than sixty (60) dated from the closing date. The Declaration page or its equivalent must contain a "mortgagee clause" which reads exactly as follows and is delivered to us before closing: "Sachem Capital Corp., Its Successors and/or Assigns, as their interests may appear, INCLUDING ANY AND ALL CLAIMS, 698 Main Street, Branford, CT 06405." Failure to provide acceptable hazard insurance by closing will result in Sachem Capital Corp. force placing insurance the day after closing on the transacted property(ies) until such time as proof of coverage from Borrower is received.

We require our attorney to review the title of the Property, prepare the Loan Documents, and attend the closing on our behalf. Our attorney is:

   Lawrence Andelsman, Esq.
   Law Office of Lawrence Andelsman PC
   98 Cutter Mill Road, Suite 462S
   Great Neck, NY 11021
   (516) 625-9200 (Dial "0")

We require that you pay all legal fees for this Loan, including the fees for our attorney representing us. You will also be responsible for all closing costs (e.g., title search, title insurance premium, recording fees, bank wire fees, etc.) in connection with this Loan. We require the security you give by way of the Mortgage Deed and Financing Statement to be a valid first lien on the subject property and/or additional collateral, if applicable. All existing liens and

mortgages must be paid off and releases on or before the closing; and all taxes, water/sewer use charges, and other assessments affecting the Property must be paid current on or before the closing. In addition, any subordinate financing, interim or secondary financing must be approved by us in advance of closing.

At closing, we must receive evidence of the issuance of a Loan Policy for Title Insurance (the "Policy") in the amount of the Loan naming us as the named insured to be paid in the event of loss. You will pay the premium for this Policy. The Policy must be issued by a company approved by us and on forms acceptable to us. It must insure that our mortgage is a FIRST lien mortgage on the Property. The Policy must not take exception from coverage for any liens, encumbrances, encroachments, restrictions or other matters without our approval. We reserve the right to require removal of any exception to the policy, or, in our discretion, require such affirmative ndorsements to coverage as we may deem appropriate.

This loan may be assigned to another party or lender in our ordinary course of business. While such party or lender will hold a collateral interest by such assignment, Sachem will continue to be the Note Holder and own all interest and rights to the debt incurred by the Borrower. All payments under the Note will be made payable to Sachem Capital Corp. You will also be responsible to pay for all costs related to the assignment of the Note until the Note is paid in full. This will be your only notification of such possible assignment. Said assignment will not affect the terms and conditions for which the Borrower signs at time of closing.

You acknowledge that your financial condition (and the financial condition of guarantor(s), if any) is of material and continuing importance to us. Accordingly, you hereby agree to promptly provide us with such financial information as we may request from time to time (including, if requested, information pertaining to guarantor(s), if any). All such information shall be in form, scope and detail acceptable to us. Moreover, you further hereby agree to promptly provide us with any information that would adversely impact on your ability (and/or the ability of guarantor(s), if any) to repay this Loan.

WE RESERVE THE RIGHT TO REVIEW YOUR FINANCIAL CONDITION (AND THE FINANCIAL CONDITION OF GUARANTOR(S), IF ANY, PRIOR TO CLOSING, AND BASED UPON SUCH REVIEW WE MAY REVOKE THIS CONDITIONAL APPROVAL AT ANYTIME PRIOR TO CLOSING.

Regards,

*Bill Haydon*
William Haydon
Chief Credit Officer

**By signing this conditional approval letter, you acknowledge receiving a copy if this letter and agree to the terms contained herein.**

DocuSign Envelope ID: B2A13706-D694-4761-904C-1C3A7158D0B4

**78-80 St Marks Pl LLC**         **Lawrence Otway**

**Signed:** _____       **Signed:** _____

**Print Name:** _____       **Print Name:** _____

**Title:** _____       **Date:** _____

**Date:** _____