**LaMONICA HERBST & MANISCALCO, LLP**　　　　Hearing Date: July 21, 2022 at 2:00 p.m.
*Proposed Counsel to Marianne T. O'Toole, Esq., as Chapter 11 Trustee*　　Objections Deadline: July 14, 2022 by 5:00 p.m.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:　　　　　　　　　　　　　　　　　　　　Chapter 11

78-80 ST. MARKS PLACE, LLC,　　　　　　　　Case No.: 21-12139 (MG)

　　　　　Debtor.
-------------------------------------------------------------x

### NOTICE OF HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. §1112(b) CONVERTING THE DEBTOR'S CASE TO A CASE UNDER CHAPTER 7 AND GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on **July 21, 2022 at 2:00 p.m.**, or as soon thereafter as counsel may be heard, a hearing ("Hearing") will be conducted before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, on the motion ("Motion") of Marianne T. O'Toole, Esq., the Chapter 11 Trustee ("Trustee") of 78-80 St. Marks Place, LLC ("Debtor"), by her undersigned proposed counsel, seeking entry of an Order: (i) pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), converting the Debtor's case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by Zoom for Government® using the instructions on the Court's website, which can be found at: **https://www.nysb.uscourts.gov/zoom-video-hearing-guide**. If you wish to appear in the Hearing, you must register your appearance utilizing the Electronic Appearance portal located on the Court's website, which can be found at: **https://ecf.nysb.uscourts.gov/cgi-**

**bin/nysbAppearances.pl**. **Appearances must be entered no later than 4 p.m. one business day prior to the Hearing.**

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court no later than **July 14, 2022 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004. Two (2) hard copies of any filed objections should be simultaneously sent to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that, in the event no objections are received by

the Objection Deadline, an Order may be entered without a hearing having been held.

Dated: June 17, 2022
     Wantagh, New York

                        **LaMONICA HERBST & MANISCALCO, LLP**
                        Proposed Counsel to Marianne T. O'Toole, Esq.
                        as Chapter 11 Trustee

            By:     *s/ Holly R. Holecek*
                   Holly R. Holecek, Esq.
                   Salvatore LaMonica, Esq.
                   3305 Jerusalem Avenue, Suite 201
                   Wantagh, New York 11793
                   Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Proposed Counsel to Marianne T. O'Toole, Esq., as Chapter 11 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 78-80 ST. MARKS PLACE, LLC, | Case No.: 21-12139 (MG) |
| Debtor. | |

-------------------------------------------------------------x

### MOTION OF CHAPTER 11 TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. §1112(b) CONVERTING THE DEBTOR'S CASE TO A CASE UNDER CHAPTER 7 AND GRANTING RELATED RELIEF

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, Esq., the Chapter 11 Trustee ("Trustee") of 78-80 St. Marks Place, LLC ("Debtor"), by her undersigned proposed counsel, submits this motion seeking entry of an Order: (i) pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), converting the Debtor's case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; and (ii) granting the Trustee such other and further relief as the Court deems just and proper and, in support thereof, respectfully states:

### PRELIMINARY STATEMENT

The Debtor's primary asset is the real property and improvements located at 78-80 St. Marks Place, New York, New York 10003 ("Property"). The Property is encumbered by, inter alia, a first mortgage lien held by St. Mark's Mixed Use LLC ("Lender"). The Lender asserts it is owed $9,084,262.75 as of April 1, 2022, plus additional fees and expenses that continue to

accrue, and interest accruing on all of the foregoing at the rate of 24% (per annum). See, e.g., ECF No. 53. The Debtor had insufficient funds to pay post-petition real estate taxes in the amount of $70,167.26, which were due January 1, 2022, and interest of $4,671.51 has accrued to date on the unpaid amount. The Debtor's estate has insufficient funds to pay additional post-petition real estate taxes of $75,797.36, which are due July 1, 2022. Further, the Debtor's estate has insufficient funds to pay for ongoing operational needs, including insurance, utilities, maintenance and/or any emergencies that may arise.

There is cause to convert the Debtor's case from Chapter 11 to Chapter 7 pursuant to section 1112(b) of the Bankruptcy Code. The Debtor's business does not generate sufficient income to meet its current or projected operational expenses, and there is a substantial and continuing diminution of the Debtor's estate. The Trustee, together with her professionals, after conducting initial due diligence and in the exercise of her business judgment, has determined that it is neither pragmatic nor advantageous to the estate to incur additional post-petition debt. The Trustee submits that the liquidation of the Property can best be accomplished under the provisions of Chapter 7 without the additional administrative costs associated with administering a liquidating Chapter 11 case and proposing a Chapter 11 plan of liquidation.

For these and the reasons set forth more fully below, the Trustee respectfully requests that the Court grant the relief requested in this Motion.

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested in the Motion include sections 105(a) and 1112(b) of the Bankruptcy Code, and Bankruptcy Rules 1017(f) and 9014.

## **BACKGROUND**

5.      On December 29, 2021 ("Filing Date"), a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code was filed on the Debtor's behalf.

6.      As of the Filing Date, the Debtor was the fee owner of the Property, which consists of a mixed-use property with residential and commercial units. The Debtor itself does not operate any business other than the ownership and maintenance of the Property.

7.      The Lender is the assignee of a loan made by 80 St. Marks Place Funding LLC to the Debtor on or about November 12, 2019 in the principal amount of $6,100,000 ("Loan"). The Loan is secured by: (a) a mortgage encumbering the Property; and (b) an assignment of leases and rents. The Loan matured on December 1, 2020.

8.      Prior to the Filing Date, the Debtor, the Debtor's principal (Lawrence V. Otway a/k/a Lorcan Otway) and other affiliated non-debtors executed a forbearance agreement dated January 14, 2021 ("Forbearance Agreement") whereby the Lender agreed to extend certain obligations under the Loan to afford the Debtor time to refinance the Loan. Additionally, the Debtor acknowledged and agreed under the Forbearance Agreement that interest began to accrue on the Loan at a default rate of 24% per annum as of December 2, 2020, and that the Debtor was indebted to the Lender in the sum of $6,245,653.65, plus legal fees and protective advances from and after December 18, 2020. Under the Forbearance Agreement, if the Debtor failed to repay in less than four months, the Debtor was required to list the Property for sale at $11,000,000 with the price decreasing each month through July 15, 2021, to a final

listing price of $8,500,000. If the Property was not sold by August 15, 2021, the Forbearance

Agreement provided that the Lender would have the right to foreclose without opposition.

9.     The Property was not sold in accordance with the Forbearance Agreement and,

prior to the Filing Date, the Lender issued a Notice of Disposition of Collateral providing for a

public auction on November 18, 2021. Prior to the scheduled public auction, the Debtor, among

others, commenced an action in the Supreme Court of the State of New York, New York

County, under Index No. 656446/2021, seeking to enjoin the auction sale ("State Court

Action"). The State Court Action was voluntarily dismissed prior to the Filing Date upon entry

of a So-Ordered Stipulation and Dismissal of Action ("Consent Order") pursuant to which the

Lender again agreed to forbear exercising remedies through December 30, 2021. The Consent

Order also provided that the Debtor and Lender agreed that as of November 30, 2021, the

amount due and owing to the Lender was $7,980,855.65, plus additional legal fees and protective

advances from and after November 21, 2021.

10.     The Debtor failed to refinance the Property in accordance with the Consent Order

and instead commenced this Chapter 11 case.

11.     By motion dated April 4, 2022, the Lender sought entry of an Order converting

the Debtor's case to one under Chapter 7 of the Bankruptcy Code or, alternatively, appointing a

Chapter 11 Trustee pursuant to sections 1104(a)(1) and 1104(a)(2) of the Bankruptcy Code. See

ECF No. 36 ("Lender's Motion"). The Debtor opposed the Lender's Motion. See ECF No. 45.

On April 27, 2022, the Court held a hearing on the Lender's Motion. See ECF No. 56.

12.     By Order dated May 17, 2022, the Court directed the appointment of a Chapter 11

Trustee for the Debtor. See ECF No. 58. The Court, inter alia, found cause to convert the

Debtor's case pursuant to sections 1112(b)(4)(A) and 1112(b)(4)(I) of the Bankruptcy Code. <u>See</u> <u>id</u>.

13.     By Order dated May 24, 2022, the Court approved the appointment of Marianne T. O'Toole, Esq. as Chapter 11 Trustee for the Debtor. <u>See</u> ECF No. 61.

14.     Upon her appointment, the Trustee took immediate steps to familiarize herself with the Debtor's operations and financial affairs. The Trustee has, among other things, conferred with the Debtor's principal and Debtor's counsel, assumed control over funds in the Debtor's bank accounts, inspected the Property, reviewed documents and information relating to the Debtor's business operations, and conferred with the Lender and its counsel.

15.     As of the date of this Motion, the balance in the estate is approximately $9,730.33,[1] which funds are encumbered by Lender's liens. Real estate taxes had not been paid as of the date of the Trustee's appointment and, as of the date of this Motion, the sum of $74,838.77 is due with additional interest accruing. Additional post-petition real estate taxes in the amount of $75,797.36 are due July 1, 2022 and there are insufficient funds in the estate to pay such real estate taxes. The annual insurance premiums for the Debtor's commercial general liability, property and umbrella coverage total over $38,000. The Trustee was informed that the boiler at the Property requires either extensive repair or replacement.

<b><u>RELIEF REQUESTED AND BASIS FOR RELIEF</u></b>

16.     By this Motion, the Trustee seeks entry of an Order converting the Debtor's case to one under Chapter 7 of the Bankruptcy Code and granting related relief.

**I.      <u>Cause Exists To Convert This Case From Chapter 11 To Chapter 7 Pursuant To Section 1112(B)(1) of the Bankruptcy Code</u>**

17.     Section 1112(b)(1) of the Bankruptcy Code provides:

---

[1]     This amount excludes the Adequate Assurance Deposit, as that term is defined in the Order dated February 3, 2022 [ECF No. 20].

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

18.     Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of sixteen "causes" for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(A)–(P); see C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304, 1310–11 (2d Cir. 1997) (noting that the list of causes in section 1112(b) is "illustrative, not exhaustive"). Under section 1112(b)(4), "cause" includes, inter alia, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4)(A) and (I).

19.     Establishing the existence of any one of the enumerated grounds for conversion or dismissal under section 1112(b)(4) of the Bankruptcy Code is sufficient to grant relief under section 1112(b)(1) of the Bankruptcy Code. See Loop Corp. v. U.S. Tr., 379 F.3d 511, 515 n.2 (8th Cir. 2004). Indeed, if cause is established, "conversion or dismissal is mandatory unless the court determines that unusual circumstances exist so that these remedies are not in the best interests of creditors and the estate." In re Babayoff, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011). The Court has broad discretion in determining whether cause exists for conversion or dismissal. See In re Red Bull Taxi Inc., No. 16-13153 (MKV), 2017 Bankr. LEXIS 1209, at *5 (Bankr. S.D.N.Y. May 3, 2017).

20.     In this case, cause exists and conversion to Chapter 7 is in the best interests of the estate and its creditors.

**A.**     **Cause Exists Under Section 1112(b)(4)(A) of the Bankruptcy Code Because of the Continuing Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation**

21.     In establishing cause under section 1112(b)(4)(A) of the Bankruptcy Code, a court must "first determine whether the estate is suffering substantial or continuing losses or diminution, before also deciding whether there is a reasonable likelihood of rehabilitation." In re 347 Linden L.L.C. (KAM), No. 11-CV-2202 (KAM), 2011 U.S. Dist. LEXIS 78843, at *15 (E.D.N.Y. July 20, 2011) (internal quotations, alterations and citation omitted).

22.     To show continuing loss or diminution of assets of the estate, "[a]ll that need be found is that the estate is suffering some diminution in value." In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988); see In re AdBrite Corp., 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) ("[A] negative cash flow postpetition and an inability to pay current expenses satisfy the elements of § 1112(b)(1)." (citations omitted)).

23.     In this case, the Court has already found cause to convert the Debtor's case based on the Debtor's failure to pay the post-petition real estate taxes. See ECF No. 58 at 10, ¶26. The Court also found that the Debtor has suffered substantial and continuing losses. See id. at 11, ¶28. The Debtor's financial condition has not improved since the Trustee's appointment. The Property does not generate sufficient revenue to fund its continued operation, and interest is accruing to the Lender at the rate of 24% per annum. There is ample evidence of the continuing diminution of the assets of the estate. Accordingly, the Trustee submits that the first prong of section 1112(b)(4)(A) of the Bankruptcy Code is easily met.

24.     The second prong of section 1112(b)(4)(A) requires an "absence of a reasonable likelihood of rehabilitation". 11 U.S.C. § 1112(b)(4)(A). In this context, "rehabilitation" is not synonymous with "reorganization" which may include liquidation. Rather "rehabilitation means to put back in good condition and reestablish on a sound basis . . . It signifies that the debtor will

be reestablished on a secured financial basis, which implies establishing a cash flow from which its current obligations can be met." Adbrite, 290 B.R. at 216. See also Taub v. Taub (In re Taub), 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010).

25.     Here, the Court has already found that there is an absence of a reasonable likelihood of rehabilitation. See ECF No. 58. at 11, ¶2. Continuing in Chapter 11 will only reduce any potential recovery to creditors in this case. A chapter 7 trustee can liquidate the Property through an orderly sale process that will maximize its value for the benefit of the estate and its creditors. Indeed, liquidation can be done less expensively in a Chapter 7 where there will be no quarterly United States Trustee fees, no costs associated with preparing monthly operating reports and no costs or delay associated with a plan process.

26.     Accordingly, this case should be converted to Chapter 7 pursuant to section 1112(b)(1) of the Bankruptcy Code.

## B.     There Are No Unusual Circumstances Establishing That Conversion or Dismissal is Not in the Best Interests of Creditors and the Estate

27.     Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate" 11 U.S.C. § 1112(b)(2). See also Nester v. Gateway Access Sols., Inc. (In re Gateway Access Sols., Inc.), 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

28.     Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in

the best interests of creditors and the estate, and the debtor or any other party in interest establishes that

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

29.     There are no unusual circumstances in this case that would establish that conversion is not in the best interests of the creditors and the estate. There is no reasonable justification for the Debtor to continue in Chapter 11 when the Debtor's business does not generate sufficient income to maintain the Property including, but not limited to, to pay accruing post-petition real estate taxes, insurance, or other expenses relating to the operation of the Property. A Chapter 7 trustee can liquidate the Property to maximize its value and pursue claims for the benefit of the Debtor's creditors without the layer of expenses attendant to continuing in Chapter 11. Conversion is in the best interests of the creditors and of the estate.

30.     Accordingly, the Trustee respectfully requests that this Court convert this case from one under Chapter 7 to one under Chapter 11 for cause under section 1112(b)(1) of the Bankruptcy Code.

**C.      Conversion is in the Best Interests of Creditors and the Estate**

31.     Under section 1112(b) of the Bankruptcy Code, the Court, in its discretion, must determine whether dismissal or conversion is in "the best interests of creditors." 11 U.S.C. § 1112(b); In re Hampton Hotel Invs., L.P., 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001).

32.     The conversion of this case is in the best interests of the Debtor's estate and its creditors. Indeed, "[c]onversion supports the Bankruptcy Code policy of vigorous maximization of the value of the economic enterprise." Babayoff, 445 B.R. at 82 (quotation and citation omitted). Value may be created where, by converting the case, an orderly liquidation of the debtor's assets will occur and a prompt conclusion to the bankruptcy process may be anticipated.

33.     Conversion will permit the orderly and expeditious liquidation of the Property, investigation and pursuit of claims and administration of this bankruptcy estate by a chapter 7 trustee. Should the case not be converted, the Chapter 11 administrative expenses will continue to accrue and the Debtor's business will not have the revenues to pay its ordinary expenses. Conversion is therefore in the best interests of the estate and its creditors. The Trustee is informed that the Lender supports conversion of the Debtor's case.

34.     For these reasons, the Court should convert the Debtor's case to Chapter 7.

## II.     If The Case Is Converted, The Trustee Should Be Authorized To Operate The Debtor's Business

35.     Under section 721 of the Bankruptcy Code, a "court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

36.     The Trustee believes that it would be in the best interests of the estate to authorize (but not direct) the Chapter 7 trustee to operate the Debtor's business for the limited period of time required to liquidate the Debtor's Property. Such authorization will ensure the Chapter 7 trustee's responsible and orderly liquidation of the Property. Accordingly, should this Court grant the relief sought by this Motion and convert the case to one under Chapter 7, the Trustee respectfully requests that this Court authorize (but not direct) the Chapter 7 trustee to operate the Debtor's business upon such conversion.

10

## NOTICE AND NO PRIOR REQUEST

37.    In accordance with Bankruptcy Rule 2002(f)(2), notice of this Motion will be served on: (a) the Debtor, through its counsel of record; (b) the United States Trustee; (c) all known creditors of the Debtor's estate; (d) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (e) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules.

38.    No prior application for the relief sought herein has been made by the Trustee to this or any other court.

**WHEREFORE**, for the foregoing reasons, the Trustee requests that this Court convert this Chapter 11 case to a case under Chapter 7, permit outstanding checks to be cashed, and grant such other and further relief as this Court deems just and proper. A proposed Order is annexed as Exhibit A.

Dated: June 17, 2022
      Wantagh, New York

            **LaMONICA HERBST & MANISCALCO, LLP**
            Proposed Counsel to Marianne T. O'Toole, Esq.
            as Chapter 11 Trustee

By:    *s/ Holly R. Holecek*
            Holly R. Holecek, Esq.
            Salvatore LaMonica, Esq.
            3305 Jerusalem Avenue, Suite 201
            Wantagh, New York 11793
            Telephone: (516) 826-6500