MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1231
Andrew R. Gottesman, Esq.

*Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

In re:

78-80 ST. MARKS PLACE, LLC,

        Debtor.

---------------------------------------------------------x

Chapter 11

Case No. 21-12139 (mg)

**DEBTOR'S LIMITED OBJECTION TO THE MOTION OF THE**
**CHAPTER 11 TRUSTEE TO CONVERT THE DEBTOR'S CASE**
**PURSUANT TO SECTION 1112 OF THE BANKRUPTCY CODE**

      78-80 St Mark's Place, LLC (the "Debtor") the above-captioned debtor and debtor in possession hereby objects (the "Objection") to the motion (the "Motion") of Marianne T. O'Toole, Esq., the Chapter 11 Trustee ("Trustee") seeking entry of an order: (i) pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), converting the Debtor's case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court deems just and proper.[1] The Debtor and the Trustee agreed to an extension of the deadline to object to the Motion through 10:00 am on July 18, 2022. In support of this Objection, the Debtor respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**OBJECTION**

1.      The Debtor's Objection is factual. As set forth in the Motion, the Court has broad discretion in determining whether cause exists for conversion or dismissal. Motion at ¶ 19. The Debtor respectfully asserts that conversion does not benefit the estate in this case from a practical perspective.

2.      There is very little practical difference between administering this case in a Chapter 11 or Chapter 7. The Debtor's business is running and owning the Property. Administrative costs including real estate taxes, utilities and insurance will continue to accrue in case under Chapter 7, as will the Lender's fees and interest. The Debtor was generating sufficient cash from rent to pay its bare minimum expenses prior to conversion of the case and should continue to do so.

3.      There would be no large quarterly savings based on avoiding fees owed to the US Trustee because they have been the minimum required under 28 U.S.C. § 1930(a)(6) throughout the case. These fees would only increase upon distributions under a plan when there would be sufficient funds to pay them.[2]

4.      Absent a liquidating plan however, the estate may be saddled with additional transfer taxes of over $390,000. New York State imposes a tax on all real estate transfers of:

(i)      $3.25 for each $500 of consideration on property sold for over $3,000,000 in New York City (N.Y. Tax Law § 1402(a) (McKinney));

(ii)      1% of the portion of the overall purchase price attributable to residential real property, for property sold for over $1,000,000 (N.Y. Tax Law § 1402-a (McKinney)); and

---

[2] The Bankruptcy Administration Improvement Act of 2020, Pub. L. No. 116-325, enacted on January 12, 2021, temporarily amended the calculation of chapter 11 quarterly fees for calendar quarters beginning April 1, 2021 through December 31, 2025. Under this amendment, the quarterly fee payable for a calendar quarter shall be the greater of: (1) 0.4% of disbursements or $250 for each quarter in which disbursements total less than $1,000,000, and (2) 0.8% of disbursements but not more than $250,000 for each quarter in which disbursements total at least $1,000,000.

      (iii)    2.25% of the consideration or part thereof attributable to the residential real property when such consideration for the entire conveyance is at least ten million dollars but less than fifteen million dollars. (N.Y. Tax Law § 1402-b (McKinney)).

5.    Assuming a sale price of $10,500,000 (which the Debtor believes is low) this equates to over $392,437.50. Under the New York State Tax Law, the estate would be responsible for this amount if a buyer either did not agree to pay such amount under a sales contract or failed to make the payment on or before 15 days after closing. N.Y. Tax Law §§ 1402-b(b), 1404, 1410 (McKinney).

6.    These taxes could be avoided entirely under Bankruptcy Code § 1146 and a confirmed liquidating plan. *See Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc. (In re Piccadilly)*, (554 U.S. 33, 45-47 (2008)); *see also In re New 118th, Inc.*, 398 B.R. 791 (Bankr. S.D.N.Y. 2009). Administering a liquidating plan may add additional cost, but it unlikely to be $392,437.50. Administering distributions and claims is a cost the estate would need to bear in either a Chapter 7 or Chapter 11 and the Debtor believes the cost difference between the two, if one exists, is *de minimis*.

7.    Moreover, the timing and administration of a liquidating plan would not materially delay the process in a "pot plan" where the number of creditors is as few as it is here. A sale under Chapter 7 or Chapter 11 is unlikely to take place within the next 60 day as the Debtor believes the Trustee will take all necessary steps to properly market the Property. Acting expeditiously, as the Trustee no doubt will, this process can neatly dovetail with a plan confirmation process to avoid any material delay.

8.    Finally, the Debtor believes that conversion to a Chapter 7 will negatively impact the sale process and invite mostly bargain hunters to a "fire sale" merely by the news of this case being a Chapter 7 case being in the public view.

## **CONCLUSION**

WHEREFORE, based on the forgoing, the Debtors respectfully request that the Court deny the Motion and grant any other and further relief the Court finds warranted.

Dated: July 18, 2022
      New York, New York

MINTZ & GOLD LLP

*/s/ Andrew R. Gottesman*
Andrew R. Gottesman

600 Third Avenue, 25th Floor New York, New York 10016
gottesman@mintzanndgold.com
Telephone: (212) 696-4848
Facsimile: (212) 696-1231

*Attorneys for the Debtor*