Marianne T. O'Toole, Esq., Interim Chapter 7 Trustee
2 Depot Plaza, Suite 2E
Bedford Hills, New York 10507
Telephone: 914-232-1511

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                    Chapter 7

78-80 ST. MARKS PLACE, LLC,                                          Case No.: 21-12139 (MG)

          Debtor.
-------------------------------------------------------------x

### APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF MALTZ AUCTIONS, INC. D/B/A MALTZ AUCTIONS AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE

The application ("Application") of Marianne T. O'Toole, Esq., solely in her capacity as interim Chapter 7 Trustee ("Trustee") of the estate of 78-80 St. Marks Place, LLC ("Debtor"), seeks entry of an Order authorizing and approving the employment of Maltz Auctions, Inc. d/b/a Maltz Auctions ("Maltz") as real estate broker to the Trustee to market and sell Debtor's real property known as and located at 78-80 St. Marks Place, New York, New York 10003 ("Property") pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), and respectfully sets forth the following:

### BACKGROUND

1. On December 29, 2021 ("Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court"). See ECF No. 1.

2. By Order dated May 17, 2022, the Court directed the appointment of a Chapter 11 Trustee for the Debtor pursuant to section 1104 of the Bankruptcy Code. See ECF No. 58.

3. By Order dated May 24, 2022, the Court approved the appointment of Marianne T. O'Toole, Esq. as Chapter 11 Trustee for the Debtor. See ECF No. 61.

4. By Order dated July 25, 2022, the Court converted the Debtor's case from Chapter 11 to Chapter 7. See ECF No. 71.

5. Marianne T. O'Toole, Esq. was appointed as interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity. See ECF No. 72.

6. As of the Filing Date, the Debtor was the sole owner of the Property. The Property is the Debtor's most significant asset that can be liquidated for the benefit of the Debtor's estate and its creditors.

## RELIEF REQUESTED

7. By this Application, the Trustee seeks to employ Maltz as real estate broker to the Trustee to market and sell Property. The affidavit ("Affidavit") of Richard B. Maltz, the Chief Executive Officer of Maltz, a copy of which is annexed as Exhibit A, is submitted in support of this Application.

8. The Trustee requires the assistance of a real estate broker to market for sale and solicit offers for the Property. The Trustee selected Maltz as real estate broker to the Trustee in this case. The Trustee believes that Maltz is experienced and well-qualified to represent the Trustee in connection with her administration of the Debtor's estate and the sale of the Property.

9. Maltz shall seek compensation consistent with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, or such other basis as the Court may approve, and shall only be paid after notice and subject to a separate Order of the Court. For its services, Maltz shall be entitled to seek compensation in the form of a four percent (4%) buyer's premium ("Buyer's Premium"), inclusive of all expenses. The Buyer's Premium would be included in the total purchase price to be paid by the successful purchaser of the Property to close on the sale. As set forth in the Affidavit, Maltz reserves the right to seek (upon prior consent of the Trustee) reasonable fees and reimbursement

of expenses in the event there is no sale of the Property.

10. To the best of the Trustee's knowledge, Maltz does not hold or represent an interest adverse to the Debtor's bankruptcy estate.

11. Marianne T. O'Toole in a fiduciary capacity has also retained the services of Maltz in other unrelated bankruptcy cases.

12. Except as set forth in the Affidavit and disclosed herein, Maltz has no connections to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

13. To the best of the Trustee's knowledge, Maltz is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Maltz: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

14. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the Order authorizing the retention of Maltz as real estate broker to the Trustee to market and sell the Property, substantially in the form annexed as <u>Exhibit B</u>.

Dated: September 2, 2022
      Bedford Hills, New York      By:    *s/ Marianne T. O'Toole*
                                                            Marianne T. O'Toole, Esq., solely as Interim Chapter 7 Trustee