UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

78-80 ST. MARKS PLACE, LLC,                          Case No.: 21-12139 (MG)

          Debtor.
-------------------------------------------------------------x

**ORDER: (I) AUTHORIZING THE SALE OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF ANY ALLEGED LEASES AND/OR ANY POSSESSORY RIGHTS OF LAWRENCE V. OTWAY, A/K/A LAWRENCE LORCAN OTWAY, A/K/A LORCAN OTWAY, EUGENIE OTWAY A/K/A EUGENIE GILMORE-OTWAY, A/K/A EUGENIE GILMORE, AND THEIR AFFILIATES AND/OR FAMILY MEMBERS; (II) SCHEDULING A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (III) APPROVING TERMS AND CONDITIONS OF SALE TO GOVERN THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (IV) APPROVING THE FORM AND MANNER OF NOTICE OF THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (V) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE PUBLIC AUCTION SALE; AND (VI) WAIVING THE 14-DAY STAY PERIOD**

Upon that portion of the motion ("Sale Motion")[1] of Marianne T. O'Toole, Esq., solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 78-80 St. Marks Place, LLC ("Debtor"), seeking entry of an Order: (i) authorizing the sale of the Debtor's real property and improvements located at 78-80 St. Marks Place, New York, New York 10003 ("Property") free and clear of any alleged leases and/or any possessory rights of Lawrence V. Otway, a/k/a Lawrence Lorcan Otway, a/k/a Lorcan Otway, Eugenie Otway a/k/a Eugenie Gilmore-Otway, a/k/a Eugenie Gilmore, and their affiliates and/or family members including, but not limited to, Theatre 80 LLC, Scheib's Place, Inc. d/b/a William Barnacle Tavern and Exhibition of the American Gangster, Inc.; (ii) scheduling a virtual public auction sale of the Debtor's real property and improvements located at 78-80 St. Marks Place, New York, New York 10003 for May 9, 2023 at 11:00 a.m. (Eastern)

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to them in the Procedures Motion.

("Sale"); (iii) approving the proposed Terms and Conditions of Sale to govern the Sale; (iv) approving the form and manner of notice of the Sale; (v) scheduling a hearing to confirm the results of the Sale; and (vi) waiving the 14-day stay period; and upon the hearing conducted on March 29, 2023 ("Hearing"), the transcript of which is incorporated by reference; and upon the record of the Hearing; and no objections having been filed to the Sale Motion; and after due deliberation and good cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:[2]

A. This Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Sale Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the relief sought in the Sale Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to interested persons and entities, including: (i) the Debtor, through counsel; (ii) St. Marks Mixed Use LLC ("Lender"), though counsel; (iii) Lawrence V. Otway, a/k/a Lawrence Lorcan Otway, a/k/a Lorcan Otway; (iv) Eugenie Otway a/k/a Eugenie Gilmore-Otway, a/k/a Eugenie Gilmore; (v) Scheib's Place, Inc. d/b/a William Barnacle Tavern; (vi) Exhibition Of The American Gangster, Inc., Theatre 80, LLC; (vii) the United States Trustee (Southern District of New York); (viii) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (ix) all known creditors of the Debtor; and (x) known parties who have asserted a lien or interest in the Property (collectively, "Notice Parties").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

2

C. The proposed Notice of Sale is good, appropriate, adequate, and sufficient, and service on the Notice Parties is reasonably calculated to provide all interested parties timely and proper notice of the Sale, and no other or further notice of the Sale is required.

D. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion, including this Court's approval of the Terms and Conditions of Sale and the form and manner of service of the Notice of Sale.

E. The Trustee has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a Sale Approval Hearing to consider whether to grant the remainder of the relief requested in the Sale Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Trustee is authorized to sell the Property free and clear of any alleged leases and/or any possessory rights of Lawrence V. Otway, a/k/a Lawrence Lorcan Otway, a/k/a Lorcan Otway, Eugenie Otway a/k/a Eugenie Gilmore-Otway, a/k/a Eugenie Gilmore, and their affiliates and/or family members including, but not limited to, Theatre 80 LLC, Scheib's Place, Inc. d/b/a William Barnacle Tavern, and Exhibition of the American Gangster, Inc.

2. The Terms and Conditions of Sale, substantially in the form annexed to the Sale Motion as Exhibit B, are hereby approved.

3. The Sale of the Property will be conducted virtually on May 9, 2023 at 11:00 a.m. (Eastern), or such other later date or time as the Trustee deems appropriate after consultation with the Lender.

4. The Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the Trustee's retained co-brokers, Maltz Auctions, Inc.

and Cushman and Wakefield, U.S. Inc., four (4%) percent of the amount bid by the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale.

5.  The Trustee is authorized to take any and all actions necessary or appropriate to implement the Sale.

6.  All objections to entry of this Order or to the relief provided herein and requested in the Sale Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

## SALE APPROVAL HEARING

7.  The Sale Approval Hearing shall be held before this Court on **May 10, 2023 at 5:00 p.m.** The Sale Approval Hearing will be conducted by Zoom for Government® using the instructions on the Court's website, which can be found at: **https://www.nysb.uscourts.gov/zoom-video-hearing-guide**. If you wish to appear in the Sale Approval Hearing, you must register your appearance utilizing the Electronic Appearance portal located on the Court's website, which can be found at: **https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl**.[3] **Appearances must be entered no later than 4 p.m. one business day prior to the Sale Approval Hearing.**

8.  The Sale Approval Hearing may be adjourned by the Trustee by filing a notice with this Court and serving such notice on the Notice Parties.

---

[3] See Chief Judge Glenn's Chambers page on the Court website for information on how to make an eCourtAppearance and the link to do so: https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. There are two new tabs next to the Chamber's Rules, Calendars and Opinions tabs. The two tabs are "Zoom hearings" and "eCourtAppearances." Feel free to look at the "Zoom hearing" tab for more information about zoom. Click on the eCourtAppearances tab to make your appearance for the Sale Approval Hearing.

**NOTICE**

9. The Notice of Sale, substantially in the form annexed to the Sale Motion as <u>Exhibit C</u>, is hereby approved.

10. The Trustee shall cause notice of the Sale to be published at least once in an appropriate publication pursuant to Bankruptcy Rule 2002(l).

11. The notice as set forth in the preceding paragraphs shall provide good and sufficient notice of the Sale and the Sale Approval Hearing and no other or further notice of the Sale or the Sale Approval Hearing shall be necessary or required.

**ADDITIONAL PROVISIONS**

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

13. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

14. Nothing in this Order shall modify or affect: (i) the *Stipulation Pursuant To Bankruptcy Rule 9019 And Sections 105, 362, 363, 364 And 502 Of The Bankruptcy Code, (I) Settling And Allowing The Claim Of St. Mark's Mixed Use LLC; (II) Determining That St. Mark's Mixed Use LLC Has A Valid First Priority Lien On The Debtor's Property; (III) Providing For Use Of Cash Collateral; (IV) Providing For Advances To Be Made By St. Marks Mixed Use LLC; (V) Providing For A Carve-Out From The Liens Of St. Marks Mixed Use LLC In Connection With The Sale Of The Real Property Located At 78-80 St. Marks Place, New York, New York 10003; And (VI) Granting Related Relief* ("<u>Trustee/Lender Stipulation</u>"); (ii) the Order of this Court dated

January 26, 2023 approving the Trustee/Lender Stipulation [ECF No. 120]; or (iii) the Trustee's or Lender's rights under the Trustee/Lender Stipulation.

15. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**IT IS SO ORDERED.**

Dated: March 29, 2023
New York, New York

_/s/ Martin Glenn_
MARTIN GLENN
Chief United States Bankruptcy Judge
