UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                          Chapter 7

78-80 ST. MARKS PLACE, LLC,                                  Case No.: 21-12139 (MG)

        Debtor.
------------------------------------------------------------x

## STIPULATION AND ORDER RESPECTING REMOVAL OF PERSONAL PROPERTY AND WAIVER OF CLAIM

WHEREAS, on December 29, 2021 ("Petition Date"), a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), was filed on behalf of 78-80 St. Marks Place LLC ("Debtor") in the United States Bankruptcy Court for the Southern District of New York ("Court");

WHEREAS, as of the Petition Date, the Debtor owned the real property and improvements located at 78-80 St. Marks Place, New York, New York 10003 ("Property");

WHEREAS, as of the Petition Date, Lawrence V. Otway a/k/a Lorcan Otway ("Lorcan Otway") was the 100% owner of the Debtor;

WHEREAS, by Order dated July 25, 2022 [ECF No. 71], the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code;

WHEREAS, Marianne T. O'Toole is the Chapter 7 Trustee of the Debtor's estate;

WHEREAS, by Memorandum Opinion and Order dated September 30, 2022, the Court, inter alia, granted the Trustee relief from the automatic stay in the Chapter 11 case of Lorcan Otway [see Case No.: 21-12140-mg, ECF No. 39];

WHEREAS, on September 30, 2022, the Trustee commenced an adversary proceeding ("Adversary Proceeding") against Lorcan Otway, Eugenie Otway a/k/a Eugenie Gilmore ("Eugenie Otway"), Scheib's Place, Inc. d/b/a William Barnacle Tavern, Exhibition Of The

1

American Gangster, Inc., and Theatre 80, LLC (collectively, "Defendants") by filing a complaint ("Complaint") [see Adv. Pro. 22-01152-mg[1], ECF No. 1];

WHEREAS, pursuant to a Memorandum Opinion and Order dated February 6, 2023, the Court granted, inter alia, the Trustee's motion for summary judgment with respect to the First Claim for Relief seeking turnover of the Property by the Defendants to the Trustee [see Adv. Pro. ECF No. 28];

WHEREAS, on February 16, 2023, the Court entered a Judgment in the Adversary Proceeding which, inter alia, required the Defendants to turn over possession and keys to the Property to the Trustee on or before April 5, 2023 [see Adv. Pro. ECF No. 29];

WHEREAS, the deadline to file proofs of pre-petition claim against the Debtor's estate was December 5, 2022, and the deadline to file proofs of Chapter 11 administrative expense claims against the Debtor's estate was February 17, 2023;

WHEREAS, on February 17, 2023, a proof of claim in the amount of $1,848,000 was filed against the Debtor's estate by Eugenie Otway on behalf of Lawrence Lorcan Otway ("Claim 13");

WHEREAS, by Order dated March 29, 2023 [ECF No. 125], the Court, inter alia, authorized and scheduled the Trustee's virtual public auction sale of the Debtor's Property for May 9, 2023;

WHEREAS, on April 5, 2023, in accordance with the Judgment, possession of, and keys to, the Property were turned over to the Trustee by the Defendants;

WHEREAS, by letter dated May 5, 2023 [ECF No. 132], Eugenie Otway requested to re-enter the Property with Lorcan Otway to retrieve certain personal belongings;

WHEREAS, the Trustee's virtual public auction sale of the Property was conducted on

---

[1] Hereafter, references to docket entries in the adversary proceeding shall be referred to as "Adv. Pro. ECF No."

2

May 9, 2023;

WHEREAS, at a hearing conducted on May 10, 2023 ("Hearing"), the Court confirmed the results of the virtual public auction sale and, inter alia, discussed the request by Eugenie Otway to re-enter the Property with Lorcan Otway to retrieve certain personal belongings;

WHEREAS, by Order dated May 11, 2023 [ECF No. 138], the Court confirmed the Trustee's sale of the Property;

WHEREAS, consistent with the Hearing, the Trustee, Lorcan Otway and Eugenie Otway conferred and have agreed to the terms and conditions upon which Lorcan Otway and Eugenie Otway may re-enter the Property to retrieve certain personal belongings.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Trustee, Lorcan Otway and Eugenie Otway (collectively "Parties" and each a "Party") as follows:

1. Eugenie Otway, Lorcan Otway and counsel to the Debtor may enter the Debtor's Property on Wednesday, May 17, 2023, for 5 hours beginning at 11:00 a.m. to retrieve any remaining personal property of Eugenie Otway and Lorcan Otway. The Trustee will be present with her representatives.

2. Other than Eugenie Otway, Lorcan Otway, counsel to the Debtor, the Trustee and the Trustee's representatives, no other persons shall enter the Debtor's Property. Any persons assisting Eugenie Otway and Lorcan Otway shall remain outside the Debtor's Property.

3. Eugenie Otway and Lorcan Otway shall vacate the Debtor's Property on or before 4:00 p.m. on May 17, 2023.

4. Eugenie Otway and Lorcan Otway shall not plan, coordinate, or otherwise be involved with any protests or gatherings relating to the Debtor or its Property for May 17, 2023.

5. Claim 13 shall be deemed withdrawn with prejudice, and Eugenie Otway and Lorcan Otway shall not assert any other claims on behalf of themselves or any entities owned or controlled by them against the Debtor's estate.

6. Provided Eugenie Otway and Lorcan Otway fully comply with paragraphs 1 through 5 above, the Trustee will stipulate to dismiss with prejudice the remaining claim for relief against the Defendants in the Adversary Proceeding.

7. Provided Eugenie Otway and Lorcan Otway are granted access to the Debtor's Property per paragraph 1 above, Eugenie Otway and Lorcan Otway forever waive and release any claims against the Debtor, the Debtor's estate, the Trustee and the Trustee's professionals including, but not limited to, any claims relating to personal property remaining at the Debtor's Property.

8. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding on any Party executing this Stipulation, all of which shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as those original signatures.

9. This Stipulation shall be governed by and construed under the laws of the State of New York.

10. The Court shall retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation.

11. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

12. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

13. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

Dated: May 12, 2023
   Wantagh, New York

        *s/ Holly R. Holecek*
        Holly R. Holecek, Esq.

        LaMonica Herbst & Maniscalco, LLP
        *Counsel to Marianne T. O'Toole, as Trustee*
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Telephone: (516) 826-6500

Dated: May 12, 2023

        *s/ Eugenie Otway*
        Eugenie Otway
        a/k/a Eugenie Gilmore, Esq.

Dated: May 12, 2023

        *s/ Lawrence V. Otway*
        Lawrence V. Otway
        a/k/a Lorcan Otway

Dated: May 12, 2023
   New York, New York

        *s/ Andrew R. Gottesman*
        Andrew R. Gottesman, Esq.

        Mintz & Gold, LLP
        *Counsel to 78-80 St. Marks Place, LLC*
        600 Third Avenue, 25th Floor
        New York, New York 10016
        Telephone: (212) 696-4848

**IT IS SO ORDERED** this ___ day of May 2023.

        _____
        Honorable Martin Glenn
        Chief United States Bankruptcy Judge